1
2
3
4
5
6
7

8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11   THOMAS EUGENE GRAY,                    )   Case No.: 1:20-cv-00196-NONE-SAB (PC)
                                             )
12              Plaintiff,                   )   FINDINGS AND RECOMMENDATIONS
                                             )   RECOMMENDING DENYING PLAINTIFF'S
13        v.                                 )   REQUEST FOR INJUNCTIVE RELIEF
                                             )
14   KEN CLARK, et.al.,                      )   (ECF No. 18)
                                             )
15              Defendants.                  )   OBJECTIONS DUE WITHIN THIRTY DAYS
                                             )
16                                           )
                                             )
17                                           )

18        Plaintiff Thomas Eugene Gray is appearing *pro se* and *in forma pauperis* in this civil rights

19   action pursuant to 42 U.S.C. § 1983.  On May 12, 2020, the Court issued an order granting Defendant's

20   request for an extension of time until June 2, 2020, for Defendants Hurtado, Jennings and Siefren to file

21   waivers of service of process.  On May 19, 2020, the waivers of service of process were filed.  On May

22   22, 2020, Plaintiff filed objections to the request for an extension of time to return the waivers.

23        Plaintiff objects to Defendants request for an extension of time to file waivers of service on

24   process on the ground that the delay furthers the justice process in this case and would "amplify the

25   burdensome ordeal that [Plaintiff] was forced to endure without just cause."  However, the Court notes

26   that Plaintiff's complaint does not allege any ongoing violations but is based on a past incident in which

27   he claims he was subjected to excessive force and a failure to protect.  Therefore, Plaintiff has not alleged

28   that he is being further subjected to alleged unconstitutional conditions of confinement by the claims

                                                  1

1
2
3
4
5

that are proceeding in this action.  Further, Defendants demonstrated good cause for the extension of time because counsel had not yet been informed whether he would be representing the defendants due to delays associated with the COVID-19 pandemic.  Finally, although the request was granted with waivers of service to be returned on June 2, 2020, the waivers were returned on May 19, 2020, providing for delay of approximately a week.  Plaintiff's objection is overruled.

6
7
8
9
10
11
12
13
14
15
16

Plaintiff also seeks an order directing the law librarian to assist him and provide him with access to law library services.[1]  The relief that Plaintiff is seeking is an injunction.  Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

17
18
19
20
21
22
23
24

This action is proceeding on a failure to protect claim against Defendants Sielken and Hurtado and an excessive force claim against Defendant Jennings for an incident that occurred in April 2018. The defendants here are correctional staff and Plaintiff is seeking an order that the law librarian, who is not a party in this action, be ordered to assist him and provide him with law library services.  However, the Court may not attempt to determine the rights of persons not before it.  See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. U.S. I.N.S., 753 F.2d 719, 727-28 (9th Cir. 1983).  The Court does not have personal jurisdiction over the law librarian at the correctional facility based on this case to issue the order Plaintiff requests.

25
26
27
28

[1] While Plaintiff makes conclusory allegations that the law librarian is denying him access to services to obstruct his access to the court and interfere with his civil action, the Court notes that there are currently no outstanding deadlines and nothing to indicate that Plaintiff had any need to access the law library for the purposes of this action.

2

1      Further, the relief that Plaintiff seeks is not related to the claims proceeding in this action nor

2   would it serve to correct the violation of the federal rights that are at issue here.  Thus, an injunction is

3   not proper.  See Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th

4   Cir. 2015) (holding there must be a "sufficient nexus between the request in a motion for injunctive

5   relief and the underlying claim itself").  The Court finds that the pendency of this action does not provide

6   a basis to grant the relief requested.  The Court recommends that Plaintiff's request for an order requiring

7   the law librarian to assist him and provide him with access to the law library services be denied.

8      Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's request for an order

9   requiring the law librarian to assist him and provide him with access to law library services be DENIED.

10     This findings and recommendations is submitted to the district judge assigned to this action,

11   pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service

12   of this recommendation, any party may file written objections to this findings and recommendations

13   with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

14   Magistrate Judge's Findings and Recommendations."   The district judge will review the magistrate

15   judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised

16   that failure to file objections within the specified time may result in the waiver of rights on appeal.

17   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394

18   (9th Cir. 1991)).

19

20   IT IS SO ORDERED.

21   Dated:   __May 27, 2020__                                                                         

22                                                       UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28