# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EUGENE GRAY,<br><br>    Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00196-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR ATTENDANCE OF TRIAL WITNESSES<br><br>(ECF Nos. 68, 69) |

Plaintiff Thomas Eugene Gray is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motions for attendance of trial witnesses, filed September 1, 2022, respectively. (ECF Nos. 68, 69.) Defendants filed an opposition on September 21, 2022. (ECF No. 78.) Although the deadline to file a reply has not expired, the Court deems a reply unnecessary.

## I.

## DISCUSSION

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation. Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, and

1 (3) the expense of transportation and security, and (4) whether the suit can be stayed until the
2 inmate is released without prejudice to the cause asserted.  Wiggins v. County of Alameda, 717
3 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.
4 1994) (district court did not abuse its discretion when it concluded the inconvenience and
5 expense of transporting inmate witness outweighed any benefit he could provide where the
6 importance of the witness's testimony could not be determined), abrogated on other grounds by
7 Sandin v. Conner, 515 U.S. 472 (1995).

        Plaintiff seeks the attendance of inmate Grayson, inmate Torres, sergeant S. Brown, officer M. Molina, officer B. Taylor, and sergeant D. Case.  Plaintiff's motions shall be denied. Defendants oppose Plaintiff's motions as untimely, moot, and substantively deficient.

**1.    Untimeliness**

        Pursuant to the Court's September 28, 2021, scheduling order, Plaintiff's motion for attendance of incarcerated witnesses was due on or before January 27, 2022.  (ECF No. 44.) Plaintiff did not file any motions for the attendance of witnesses by the deadline.  In addition, in his pretrial statement filed on December 3, 2021, Plaintiff indicated that he did not intend to call any witnesses at trial aside from himself, and the revised pretrial order filed on August 10, 2022, did not list any witnesses for Plaintiff, other than himself. (ECF Nos. 46, 61.)  Now, seven months beyond the applicable deadline and after the issuance of the pretrial order, Plaintiff moves for the attendance of witnesses at trial.  (ECF Nos. 68, 69.)  However, Plaintiff never sought an extension of the deadline, and he has failed to present any justification for his months-long delay in bringing the motions.  Accordingly, Plaintiff's motions for attendance of witnesses at trial is denied as untimely.

**2.    Failure to Identify in Pretrial Statement**

        As mentioned above, Plaintiff failed to identify any witnesses aside from himself in his pretrial statement and the witnesses were not identified in the pretrial order as witnesses Plaintiff expects to call at trial.  (ECF Nos. 44, 61.)  The Court's September 28, 2021, order specifically advised Plaintiff that his pretrial statement must address all matters required by Local Rule 281 which directs that all individuals as witnesses intended to present at trial.  Local

Rule 281(b)(10).[1]  Plaintiff failed to list any of the individuals identified in the present motions as witnesses in his pretrial statement, as required by Local Rule 281(b)(10).  (ECF No. 46.)  Rather, Plaintiff's pretrial statement indicated that Plaintiff "has no witnesses to call at trial besides himself and God."  (ECF No. 46.)  In addition, the two inmate witnesses and two of the "CDCR staff witnesses" (D. Case and M. Molina) are not identified in the pretrial order at all.  (ECF No. 61 at 8.)  The Court specifically stated that no witnesses other than those listed in the pretrial order may be called at trial.  (Id.)  Further, the fact that S. Brown and B. Taylor are listed as prospective witnesses that Defendants expect to call at trial, Defendants' identification of these potential witnesses does not excuse Plaintiff's obligation to list such individuals as witnesses himself nor that Defendants must call them at trial.  Accordingly, Plaintiff's request for attendance of these individuals is now moot.

### 3.  Failure to Meet Substantive Requirements

Plaintiff's motions must be denied as substantively deficient.  First, Plaintiff fails to provide any accompanying declarations in support of his motions, despite the clear advisement that all motions for the attendance of witnesses must be accompanied by declarations showing "each witness has actual knowledge of relevant facts."  (ECF No. 44 at 2; ECF Nos. 68, 69.)  Plaintiff did not submit any declarations in support of his motions, much less declarations showing actual knowledge of the relevant facts for each witness.  (ECF Nos. 68, 69.)

Second, Plaintiff fails to make a particularized showing that the individuals have actual knowledge of relevant facts.  As stated in the Court's September 28, 2021, order, each supporting declaration, not presented here, must be "specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred."  (ECF No. 44 at 3.)  Plaintiff failed to provide such information, instead stating vaguely that Plaintiff "has reason to believe" that the identified inmates have "first hand knowledge of relevant facts" because Plaintiff saw them "present in the housing unit and knows they observed the incident."  (ECF No. 69 at 1.)

---

[1] Along with the order, Plaintiff was provided a copy of Local Rule 281.  (ECF No. 44-1.)

Plaintiff's general and vague statement is insufficient.

Third, Plaintiff fails to identify whether the "CDCR staff witnesses" would be testifying voluntarily or involuntarily, which would change Plaintiff's obligations under the Court's order. (ECF Nos. 44, 68.) Finally, Plaintiff has not provided any money order for any unincarcerated witnesses who would not be testifying voluntarily as required by the Court's order. (ECF No. 44.)

## II.
## ORDER

Based on the foregoing, Plaintiff's motions for the attendance of witnesses at trial, filed on September 1, 2022 (ECF Nos. 68, 69), are DENIED.

IT IS SO ORDERED.

Dated:  **September 23, 2022**

UNITED STATES MAGISTRATE JUDGE