# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EUGENE GRAY,<br><br>    Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00196-JLT-SAB (PC)<br><br>FIDNINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION TO AMEND AND MOTION TO COMPEL DISCOVERY<br><br>(ECF Nos. 73, 75) |

Plaintiff Thomas Eugene Gray is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is currently set for jury trial before District Judge Jennifer L. Thurston on February 13, 2023.

Currently before the Court is Plaintiff's motion to amend the complaint and motion to reopen discovery, filed September 12, 2022 and September 13, 2022, respectively. (ECF Nos. 73, 75.) Defendants filed an opposition to both motions on October 3, 022. (ECF No. 82.) Although the time for Plaintiff to file a reply has not expired, the Court deems a reply unnecessary to resolve the motions.

## I.

## BACKGROUND

This action is proceeding against Defendant Jennings for excessive force and against Defendants Siefken and Hurtado for failure to protection in violation of the Eighth Amendment.

On June 11, 2020, Defendants filed an answer to the complaint. (ECF No. 20.)

1

1    On October 1, 2020, the Court issued the discovery and scheduling order, setting an April 1, 2021,deadline to amend the pleadings, a June 1, 2021, discovery deadline, including motions to compel, and an August 12, 2021, dispositive motion deadline. (ECF No. 42.) Plaintiff did not move to amend the pleadings or compel discovery within these deadlines, or seek an extension of any of these deadlines, and on September 28, 2021, the Court scheduled a telephonic trial confirmation hearing for March 31, 2022. (ECF No. 44.)

On December 3, 2021, Plaintiff filed his pretrial statement and made no mention of any proposed amendment or of his request to conduct further discovery. (ECF No. 46.) On April 8, 2022, the Court issued its pretrial order, noting that no amendments had been sought, that the time for discovery had expired, and that Defendants did not contemplate any further discovery. (ECF No. 51 at 14.) The jury trial is presently scheduled for February 23, 2023. (ECF No. 61.)

## II.

## DISCUSSION

### A.    Motion to Amend Complaint

Plaintiff seeks to amend the complaint to "add an additional claim of denial of due process…." (ECF No. 73.) Plaintiff seeks to allege that he was "deprived of liberty due to false fabricated disciplinary reports that [Defendants] filed against him." (Id.) Plaintiff submits that the allegations arise from the "same facts set forth in the original pleading." (Id.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' " AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to

the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Amendments of the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure which provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The district court has broad discretion in supervision of the pretrial phase of litigation. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16's good cause standard considers the diligence of the party seeking amendment and the pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). While prejudice to the opposing party could "supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609. Therefore, if the party moving for amendment of the scheduling order has not demonstrated diligence, the inquiry should end and the motion should be denied. Id. Where the request to amend is after a date established in the Rule 16 scheduling order, the party must first show good cause to amend before the court considers whether amendment is appropriate under Rule 15. Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); Johnson v. Mammoth Recreations, Inc., 975 F.2d at 607-08. Indeed, motions filed after the deadlines set in the scheduling order are untimely and may be denied solely on this ground. See Johnson v. Mammoth Recreations, Inc., 975 F.2d at 608-09. "A scheduling order 'is not a frivolous piece of paper, idly entered[.]' " Id. at 610 (citation omitted).

"Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." Id.

Pursuant to the discovery and scheduling order, the deadline to amend the pleadings expired on April 1, 2021. (ECF No. 42.)  However, Plaintiff did not file the instant motion until September 12, 2022. Therefore, Plaintiff must show good cause to modify the discovery and scheduling order under Federal Rule of Civil Procedure 16, before the Court proceeds to the analysis under Rule 15(a).

Plaintiff seeks to amend the complaint nearly eighteen months after the deadline to amend the pleadings and more than fifteen months after the close of discovery. (ECF No. 42.) Plaintiff concedes in his motion that the amendment arises from the same set of facts set forth in the original complaint filed on February 7, 20202. (ECF No. 73.)  Plaintiff seeks to allege a due process violation based on falsification of a report that he was served with on May 4, 2018, and was well aware of for more than four years prior to seeking amendment. (ECF NO. 73; Declaration of Kuchinsky (Kuchinsky Decl.) ¶ 3 & Ex. A.)  Plaintiff fails to provide any explanation for the lengthy delay in seeking to amend and there is no good cause. See In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 737-38 (9th Cir. 2013) ("The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action.").  Accordingly, Plaintiff's motion to amend is denied as untimely. See, e.g., Lennar Mare Island, LLC v. Steadfast Ins. Co., No. 2:12-cv-02182-KJM, 2015 WL 4910468, at *4 (E.D. Cal. Aug. 17, 2015); see also Jackson v. Laureate Inc., 186 F.R.D. 605 (E.D. Cal. 1999) ("Parties anticipating possible amendments to their pleadings have an 'unflagging obligation' to alert the Rule 16 scheduling judge of the nature and timing of such anticipated amendment[s].") (quoting Veranda Beach Club Ltd. P'ship v. W. Sur. Co., 936 F.2d 1364, 1371 (1st Cir. 1991)).

Furthermore, even if Plaintiff had shown good cause to modify the scheduling order, he has failed to demonstrate that amendment is warranted under Rule 15.  Notwithstanding the fact that Plaintiff unduly delayed in seeking amendment, permitting amendment at this late stage of

4

1  the litigation would cause undue prejudice to Defendants, as the deadline to amend the pleadings,
2  to conduct discovery, and to file dispositive motions has long since passed.  Defendants would
3  be required to conduct additional discovery and analyze the merits of any new claim causing
4  undue prejudice given the length of delay.  Had Plaintiff timely sought to amend the complaint,
5  Defendants could have pursued different or additional investigation and litigation strategy which
6  are now foreclosed to them.  Accordingly, Plaintiff's motion to amend should be denied.

### B. Motion to Reopen Discovery

Plaintiff seeks to compel discovery to obtain "any and all documents relevant to past mistreatment of inmates by the Defendants in particular any and all grievances, complaints, or other documents … since the beginning of their employment for (CDCR)."  (ECF No. 75.)

A court may modify a scheduling order only for good cause. Fed. R. Civ. P. 16(b)(4). When analyzing whether there is good cause to reopen discovery, the Court considers the following factors: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence. City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995)).

The good cause standard focuses primarily on "the diligence of the party seeking" to modify the case schedule. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); Dimitre v. California State Univ. Employees' Union, No. 2:17-CV-01698-KJM-DB, 2019 WL 4670827, at *1 (E.D. Cal. Sept. 25, 2019) ("The primary factor courts consider in making a good cause determination is whether the moving party was diligent in its attempts to complete discovery in a timely manner."). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." Id.

5

1    Plaintiff fails to provide any explanation for the untimeliness of his request.  Rather,
2 Plaintiff vaguely claims that he "has information that repeated complaints about mistreatment of
3 inmates has been made about one of the three defendants." (ECF No. 75.)  Plaintiff has simply
4 not demonstrated diligence.  Indeed, Plaintiff never served Defendants with a request for such
5 discovery and never filed any discovery motions in this case. (Kuchinsky Decl. ¶ 3.)

6    In addition, reopening discovery would unduly prejudice Defendants as trial is currently
7 scheduled for February 13, 2023.  As discussed above, discovery closed in this action on June 1,
8 2021, and Plaintiff has not provided any explanation for his failure to complete discovery prior to
9 that date.  See Dimitre v. California State Univ. Employees' Union, No. 2:17-CV-01698-KJM-
10 DB, 2019 WL 4670827, at *2 (E.D. Cal. Sept. 25, 2019) (denying request to reopen discovery
11 when the plaintiff did not claim the need to reopen was unforeseeable or identify otherwise
12 exceptional circumstances). Reopening discovery now, more than fifteen months past the
13 discovery deadline, and nearly four years after Plaintiff knew or should have known of his desire
14 for this purported evidence, would prejudice Defendants, who relied upon the Court's scheduling
15 order in defending the case and would require relitigation of this case.

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Plaintiff's motion to amend the complaint (ECF No. 73), filed on September 12, 2022, be denied; and

2.    Plaintiff's motion to reopen open and compel discovery (ECF No. 75), filed on September 13, 2022, be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler,

772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 5, 2022**

UNITED STATES MAGISTRATE JUDGE