**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS EUGENE GRAY,<br><br>   Plaintiff,<br><br>  v.<br><br>KEN CLARK, et.al.,<br><br>   Defendants. | Case No.: 1:20-cv-00196-JLT-SAB (PC)<br><br>ORDER GRANTING REQUEST TO AMEND REVISED PRETRIAL ORDER<br><br>(Docs. 71, 72, 80)<br><br>Deadlines:<br> Motions in Limine Filing:  Nov. 14, 2022<br> Oppositions to Motions in Limine: Dec. 9, 2022<br><br>Jury Trial: Feb. 13, 2023, at 8:30 a.m., 2-3 days |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983 against Siefken, Jennings-Sedillo, and Hurtado.  Plaintiff claims that despite prior warnings, Siefken and Hurtado failed to protect him from being assaulted by other inmates at Corcoran State Prison and that Jennings-Sedillo used excessive force when she shot him with a 40mm round while he was already on the ground.

On April 8, 2022, the Court conducted a pretrial conference in this action.  Plaintiff Thomas Eugene Gray appeared pro se. Deputy Attorney General Justin Walker appeared as counsel for Defendants Siefken, Hurtado, and Jennings-Sedillo.  Having considered the parties' pretrial statements, the Court issued a tentative pretrial order on April 8, 2022, with an anticipated trial date of September 26, 2022.  (Doc. 51.)

1

On July 15, 2022, Defendants filed a motion to continue the trial date, justified in large part by the unavailability of certain defendants for the September 26, 2022 trial date.  (Doc. 57.)  Plaintiff did not oppose a continuance.  (*Id.* at 3.)  Based upon the reasons set forth in Defendants' motion, the Court granted the motion to continue, reset the trial to February 23, 2022, and issued a revised pretrial order on August 10, 2022.  (Doc. 61).  On September 2, 2022, Defendants filed an objection to the revised pretrial order in so far as it requires everyone in the courtroom during trial to be fully vaccinated.  (Doc. 71.)[1]  Plaintiff filed a similar objection on September 28, 2022.  (Doc. 80.)  In their requests, the parties indicate that key witnesses, including Plaintiff, Defendant Siefken, and Defendant Jennings (now known as Sedillo) are not vaccinated.  (Doc. 71 at 2; Doc. 80 at 1-2.)  Because the parties agree to this amendment, Plaintiff's and Defendants' requests to amend the revised pretrial order is **GRANTED**. The parties did not object to the requirement that everyone wear a N95 or equivalent mask that covers the nose and mouth. (*See* Doc. 71 at 5; Doc. 80 at 1.) Accordingly, the masking requirement will remain in effect during the trial.

## I.    JURISDICTION/VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Jurisdiction is not contested.  In addition, the events that gave rise to this action occurred in Corcoran, California.  Accordingly, venue is proper in the Eastern District of California, Fresno Division. *See* 28 U.S.C. § 1391(b).  Venue is not contested.

## II.    JURY

Both parties demanded a trial by jury. (Doc. 1; Doc. 20.)  The jury will consist of eight jurors.

## III.    UNDISPUTED FACTS

1.    On April 22, 2018, Plaintiff was a prisoner housed at Corcoran State Prison.

2.    On April 22, 2018, Defendants Siefken, Hurtado, and Jennings-Sedillo were correctional officers employed by the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison.

3.    Around 10:00 p.m. on April 22, 2018, Plaintiff and another inmate were involved in a

---

[1] Defendants also filed a request for judicial notice in support of their motion to amend. (Doc. 72.) Because the Court grants this motion without relying on the supporting evidence, the request for judicial notice is **DENIED** as moot.

physical altercation in the dayroom of Plaintiff's housing unit.

4.      Defendants Siefken and Hurtado worked as floor officers in Plaintiff's housing unit.

5.      During the incident, Defendant Jennings-Sedillo worked as control booth officer in Plaintiff's housing unit.

6.      Defendant Jennings-Sedillo fired a 40 mm round that struck Plaintiff.

7.      Following the altercation, the medical staff evaluated Plaintiff and documented his injuries on a CDCR Form 7219.

8.      On April 22, 2018, CDCR issued Plaintiff a Rules Violation Report (RVR), Log No. 4910152, for fighting.

9.      On May 24, 2018, based upon a preponderance of the evidence, a Senior Hearing Officer found Plaintiff guilty on RVR, Log No. 4910152, for fighting.

10.     As a result of the RVR conviction, CDCR assessed Plaintiff a 90-day good-time credit loss.

## IV.   DISPUTED FACTUAL ISSUES

1.      Whether Plaintiff put Siefken or Hurtado on notice of any safety or security concerns before the altercation occurred on April 22, 2018.

2.      Whether Plaintiff was engaging in mutual combat with another inmate on April 22, 2018.

3.      Whether Siefken or Hurtado failed to intervene to protect Plaintiff (i.e., were deliberately indifferent to his personal safety) before or during the altercation on April 22, 2018.

4.      Whether Jennings-Sedillo used excessive force by firing a 40 mm round on April 22, 2018.

5.      Whether Jennings-Sedillo acted to restore order or maliciously or sadistically with intent to injure Plaintiff.

6.      Whether Plaintiff sustained any injuries during the altercation on April 22, 2018, that were proximately caused by Defendants' violation of Plaintiff's Eighth Amendment rights.

3

## V.        DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The purpose of a motion *in limine* is to establish in advance of the trial that certain evidence should not be offered at trial.  "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *Jonasson v. Lutheran Child and Family Services*, 115 F. 3d 436, 440 (7th Cir. 1997).  The Court will grant a motion *in limine*, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose.  *Id*.  The Court does not encourage the filing of motions *in limine* unless they address issues that can realistically be resolved by the Court prior to trial and without reference to the other evidence that will be introduced by the parties at trial.

**In advance of filing any motion *in limine*, the parties SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions *in limine*.  Along with their motions *in limine*, the parties SHALL file a certification demonstrating they have in good faith met and conferred and attempted to resolve the dispute.  Failure to provide the certification may result in the Court refusing to entertain the motion.**

Any motions *in limine* the parties elect to file shall be filed no later than **November 14, 2022**. Oppositions shall be filed no later than **December 9, 2022** and any replies shall be filed no later than **December 23, 2022**. Upon receipt of any opposition briefs, the Court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

## VI.      SPECIAL FACTUAL INFORMATION

Plaintiff alleges that Defendants Siefken and Hurtado intentionally failed to protect him from being assaulted by other inmates and that Defendant Jennings-Sedillo intentionally used excessive force against him by shooting him with a non-lethal 40 mm round in violation of the Eighth Amendment.

Plaintiff was incarcerated at California State Prison-Corcoran at the time of the alleged events in his Complaint. All of the medical treatment received by Plaintiff following the alleged incident was paid for by the Defendants' employer, the CDCR.  As far as is known, Plaintiff makes no claim for lost wages or earning capacity.

**VII.   RELIEF SOUGHT**

Plaintiff seeks an undetermined amount in nominal, compensatory and punitive damages. (Doc. 1 at ¶ 9.)

Defendants pray for judgment in their favor with Plaintiff taking nothing, as well as an award of costs, and such other relief as the Court deems proper.

**VIII.   POINTS OF LAW**

**A.     Liability under Section 1983**

Under 42 U.S.C. § 1983, Plaintiff is required to prove that Defendants (1) acted under color of state law and (2) deprived him of rights secured by the Eighth Amendment of the United States Constitution. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff must demonstrate that Defendants personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability under Section 1983, and the Defendants are only liable for their own misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948-49 (2009); *see also Monell v. Dept. of Social Services*, 436 U.S. 658, 691-92 (1978).

**B.     Failure to Protect**

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. *U.S. Const. amend VIII.*  This "imposes a duty on prison officials to protect inmates from violence at the hands of other inmates." *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015).  However, "not … every injury suffered by one prisoner at the hands of another … translate into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish liability arising under the Eighth Amendment, a prisoner must show a prison official was deliberately indifferent to a substantial risk of harm to his health or safety.  *Id.* at 847. Deliberate indifference requires a showing of both objective and subjective components. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

The objective component requires a prisoner demonstrate "he was deprived of something sufficiently serious." *Foster v. Runnells*, 554 F.3d 807, 812 (9th Cir. 2009) (quoting *Farmer,* 511 U.S. at 834).  The risk must be "substantial," but it is well settled "a prisoner need not wait until he is actually assaulted before obtaining relief." *Helling v. McKinney*, 509 U.S. 25, 33 (1993); *see also*

*Farmer*, 511 U.S. at 845.  For a claim based on a failure to prevent harm, the inmate must show that the conditions of confinement pose a "substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citing *Helling*, 509 U.S. at 35).

The subjective component requires a showing that the prison official acted with the culpable mental state, which is "deliberate indifference" to the inmate's health or safety.  *Farmer*, 511 U.S. at 837-38; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference "constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment" (citation omitted)). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837-38. "A fact-finder may infer subjective awareness from circumstantial evidence." *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020) (citations omitted).

## C.    Excessive Force in Violation of the Eighth Amendment

To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. *Id.* at 7; *see also id.* at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).  "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Bell v. Wolfish*, 441 U.S. 520, 547 (1979); *Whitley v. Albers*, 475 U.S. 312, 320-322 (1986).

///

1   "[W]henever prison officials stand accused of using excessive physical force in violation of the

2   Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a

3   good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.*

4   at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to

5   evaluate the need for application of force, the relationship between that need and the amount of force

6   used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the

7   severity of a forceful response." *Id.* (internal quotation marks and citations omitted).  "The absence of

8   serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.*

9        **D.     Qualified Immunity**

10       Qualified immunity applies when an official's conduct does not violate clearly established

11   statutory or constitutional rights of which a reasonable person would have known. *White v. Pauly*, 137

12   S. Ct. 548, 551 (2017).  Officers are entitled to qualified immunity under Section 1983 unless (1) the

13   officers violate a federal a federal statutory or constitutional right, and (2) the unlawfulness of their

14   conduct was "clearly established at the time." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589

15   2018); *White*, 137 S. Ct. at 551.

16       "Clearly established" means that the statutory or constitutional question was "beyond debate,"

17   such that every reasonable official would understand that what he is doing is unlawful.  *See Wesby*,

18   138 S. Ct. at 589; *Vos v. City of Newport Beach*, 892 F.3d 1024, 1035 (9th Cir. 2018).  This is a

19   "demanding standard" that protects "all but the plainly incompetent or those who knowingly violate

20   the law." *Wesb*y, 138 S. Ct. at 589 (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).  Thus, to be

21   "clearly established," a rule must be dictated by controlling authority or by a robust consensus of cases

22   of persuasive authority.  *Wesby*, 138 S. Ct. at 589.

23       **E.     Punitive Damages**

24       Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a

25   preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2018). The

26   jury must find that Defendants' conduct was "motivated by evil motive or intent, or . . . involves

27   reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S.

28   30, 56 (1986); *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994).

**F.     Impeachment by Evidence of Prior Felony Convictions**

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness.  Fed. R. Evid. 609(a)(1)(A).  Additionally, any incarcerated witness who testifies is also subject to impeachment under Rule 609.  Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or release from confinement from it, which is later.  Fed. R. Evid. 609(b).

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY LISTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.

**IX.     ABANDONED ISSUES**

None.

**X.     WITNESSES**

1.     The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

**Plaintiff**

1.     Thomas Eugene Gray

**Defendants**

1.     Defendant Siefken

2.     Defendant Hurtado

3.     Defendant Jennings-Sedillo

4.     B. Taylor

5.     C. Molina

6.     Lt. Hurlbut

7.     A. Duran

8.     R. Covarrubias

9.     D. Kaundart

10.    S. Brown

11.    S. Surrao

12.    Dr. K Aye (CDCR Physician and Surgeon)

13.    Dr. J Ziomek

14.    RN N. Balaba-Gallagher (medical)

15.    NP P. Rouch (medical)

16.    Custodian(s) of Plaintiff's central file

17.    Custodian(s) of Plaintiff's medical records

18.    Defendant Jennings (expert – use of force)

19.    Sgt. S. Brown (expert – use of force)

20.    PT R. Covarrubias (expert – medical)

21.    RN S. Surrao (expert – medical)

22.    Dr. K Aye (expert – medical)

23.    Dr. J. Ziomek (expert – medical)

24.    LVN D. Kaundart (expert – medical)

25.    RN N. Balaba-Gallagher (expert – medical)

26.    NP P. Rouch (expert – medical)

2.     **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria**:

     a.     The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

     b.     The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

3.     Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so

the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

      a.      The witness could not reasonably have been discovered prior to the discovery cutoff;

      b.      The court and opposing parties were promptly notified upon discovery of the witness;

      c.      If time permitted, the party proffered the witness for deposition; and

      d.      If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

    4.      Each party may call any witnesses designated by the other.

## XI.    EXHIBITS, SCHEDULES, AND SUMMARIES

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED BELOW, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

**1.      The Court does not allow the use of undisclosed exhibits for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

      a.      The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

      b.      The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph 2, below.

    2.      Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

      a.      The exhibits could not reasonably have been discovered earlier;

      b.      The court and the opposing parties were promptly informed of their existence; and

      c.      The proffering party forwarded a copy of the exhibits (if physically possible) to

the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**Plaintiff**

    1.    None

**Defendants**

    1.    Staff report Defendant Siefken for the incident on April 22, 2018 (Log No. COR-03A-18-04-0416A1.)

    2.    Staff report Defendant Hurtado for the incident on April 22, 2018 (Log No. COR-03A-18-04-0416A1.)

    3.    Staff report Defendant Jennings-Sedillo for the incident on April 22, 2018 (Log No. COR-03A-18-04-0416A1.)

    4.    Staff report B. Taylor for the incident on April 22, 2018 (Log No. COR-03A-18-04-0416A1.)

    5.    Staff report C. Molina for the incident on April 22, 2018 (Log No. COR-03A-18-04-0416A1.)

    6.    Staff report for Sgt. S. Brown for the incident on April 22, 2018 (Log No. COR-03A-18-04-0416A1)

    7.    Staff report for PT R. Covarrubias for the incident on April 22, 2018 (Log No. COR-03A-18-04-0416A1)

    8.    Staff report for LVN D. Kaundart for the incident on April 22, 2018 (Log No. COR-03A-18-04-0416A1)

    9.    Abstract of Judgment representing Plaintiff's felony conviction(s) and sentence(s).

    10.    Abstract(s) of Judgment representing felony conviction(s) and sentence(s) of Plaintiff's inmate witnesses.

    11.    CDCR 7219 Medical Report of Injury or Unusual Occurrence for Plaintiff, dated April 22, 2018.

12.   Relevant portions of Plaintiff's medical records, including, but not limited to, the following:

    a.   RN Surrao's April 22, 2018, Progress Notes

    b.   R. Covarrubias' April 22, 2018, Assessment Forms

    c.   Dr. Ziomek's April 23, 2018, Progress Notes

    d.   RN Surrao's April 23, 2018, Assessment Forms

    e.   RN Balaba-Gallagher's April 23, 2018, Clinic Notes

    f.   RN Balaba-Gallagher's April 23, 2018, Assessment Forms

    g.   NP Rouch's April 26, 2018, Progress Notes

13.   Relevant portions of Plaintiff's ERMS and SOMS files.

14.   Rules Violation Report, Log No. 4910152.

15.   Use of Force Video Interview of Plaintiff, dated June 21, 2018.

16.   For demonstrative purposes, photographs and/or diagrams of Corcoran State Prison

The parties must exchange exhibits, not previously produced/obtained in discovery, no later than **November 14, 2022**. No later than **November 28, 2022**, the parties **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examine each other's exhibits to the extent that has not already taken place.  Any exhibits not previously disclosed in discovery **SHALL** be proved promptly so that it is received by the above exhibit exchange deadline.

1.   At the exhibit conference, the parties will determine whether there are objections to the admission of each of the exhibits and shall cooperate in the preparation of separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendants' exhibits.  In advance of the conference, the parties must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist.  Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference.

2.   At the conference, the parties shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence.  These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above.  Joint exhibits **SHALL** be admitted into without further

foundation.

All joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.). Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendants' exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF JOINT EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|
|  |  |  |

3.      As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party.   Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4.      Each exhibit binder shall contain an index which is placed in the binder before the exhibits.   Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OBJECTION OTHER |
|---|---|---|---|---|
|  |  |  |  |  |

5.      On the index, as to exhibits to which the only objection is a lack of foundation, the

parties will place a mark under the column heading entitled "Objection Foundation."

6.  On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, the parties will place a mark under the column heading entitled "Other Objections."

7.  As to each exhibit which is not objected to in the index, it shall be marked and received into evidence and will require no further foundation.

After the exhibit conference, the parties Defendants **SHALL** develop four complete, legible sets of exhibits.  The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than **4:00 p.m. <u>February 6, 2023</u>**. The parties **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

8.  The Parties **SHALL** number each page of any exhibit exceeding one page in length.

## XII.    POST-TRIAL EXHIBIT RETENTION

Pursuant to the Court's policy, the Court will return all exhibits to their proffers to be retained during the pendency of any appeals.  Accordingly, Defendants' request that the court retain all exhibits pending any decision on appeal (Doc. 49 at 13) is **DENIED**.

## XIII.   DISCOVERY DOCUMENTS

The parties must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of Court no later than **<u>January 30, 2023</u>**.

Defendants reserve the right to introduce Plaintiff's deposition transcript, or portions thereof.

## XIV.   FURTHER DISCOVERY OR MOTIONS

The time for discovery has expired and Defendants do not contemplate any further discovery.

Excluding motions *in limine*, Defendants do not anticipate making any other pre-trial motions.

## XV.    STIPULATIONS

None.

## XVI.   AMENDMENTS/DISMISSAL

None.

## XVII.  SETTLEMENT

The parties participated in a settlement conference on October 1, 2020, before Magistrate

1  Judge Barbara A. McAuliffe but were unable to reach a settlement.

2      Defendants believe that a pre-trial settlement conference may be beneficial. If the parties

3  jointly agree that a settlement conference may be productive, **within 21 days**, counsel for the

4  defendants **SHALL** contact the chambers of Judge Boone, to have a settlement conference set as soon

5  as possible.

6  **XVIII. JOINT STATEMENT OF THE CASE**

7      The Court has drafted the following neutral statement of the case to be read to the prospective

8  jurors:

9      Plaintiff claims that, despite prior warnings, Defendants Siefken and
   Hurtado failed to protect him from being assaulted by other inmates at
10     Corcoran State Prison and that Defendant Jennings-Sedillo used excessive
    force when she shot him with a 40mm round while he was already on the
11     ground.  Defendants deny all of Plaintiff's allegations.

12

13     The parties are directed to raise any objection to this neutral statement of the case in any

14  objections they file to this tentative Pretrial Order.

15  **XIX.   SEPARATE TRIAL OF ISSUES**

16     There will be no separate trial of issues in this action.  However, the Court will bifurcate the

17  trial with respect to the amount of punitive damages, if necessary.  Should a jury find punitive liability

18  in the first phase of the trial, the trial will proceed to a second phase which will consist of any

19  evidence and argument with respect to the appropriate amount, if any, of punitive damages.  The

20  parties may not present evidence regarding the amount of punitive damages until the second phase of

21  the trial.

22  **XX.    IMPARTIAL EXPERTS/LIMITATION OF EXPERTS**

23     None.

24  **XXI.   ATTORNEYS' FEES**

25     Plaintiff, who is proceeding pro se, is not entitled to attorney's fees. *Kay v. Ehrler*, 499 U.S.

26  432, 435 (1991).

27     Defendants did not indicate that they seek attorneys' fees. (Doc. 47 at 13.)

28

## XXII.  TRIAL PROTECTIVE ORDER

If Defendants are required to disclose information concerning his financial status, they will request that the Court issue a protective order concerning this information, under Local Rule 141.1(b)(2).

## XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for February 13, 2023, at 8:30 a.m. before the Honorable Jennifer L. Thurston at Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California.

Defendants anticipate the trial to last 2-3 days.

The Court directs the parties to Judge Thurston's standing order for the undersigned available on the Eastern District of California's website.  This standing order may change before trial, and the parties should review the website prior to trial.

## XXIV.  TRIAL PREPARATION AND PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

### A.      Trial Briefs

The parties are relieved of their obligation under Local Rule 285 to file trial briefs.  If any party wishes to file a trial brief, they much do so in accordance with Local Rule 285 and be filed no later than **February 6, 2023.**

### B.      Jury Voir Dire

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, no later than **January 30, 2023**.

### C.      Jury Instructions and Verdict Form

Defendants **SHALL** file proposed jury instructions as provided in Local Rule 163 no later than **January 9, 2023.**[2] At the same time, the Defendants **SHALL** lodge via e-mail a copy of the proposed jury instructions and verdict form, in Word format, to JLTOrders@caed.uscourts.gov. If Plaintiff wishes to file proposed jury instructions or object to those proposed by Defendants, he must do so no later than **January 23, 2023.**

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury

---

[2] The Defendants SHALL provide their pretrial document so that they are received by the deadline set.

16

Instructions or California's CACI instructions to the extent possible. All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the **complete** text of the instruction, and the legal authority supporting the instruction. Each instruction **SHALL** be numbered.

## XXV.   OBJECTIONS TO PRETRIAL ORDER

Within **14 days** after the date of service of this order, the parties may file written objections to any of the provisions set forth in this order. The parties may file replies to the objections within seven days.  The objections shall clearly specify the requested modifications, corrections, additions or deletions.  If no objections are filed, the order will become final without further order of this Court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

## XXVI. MISCELLANEOUS

As the parties are aware, the courthouses of the Eastern District of California were closed to the general public for over a year as a result of the COVID-19 pandemic. Though the pandemic is currently receding, no one knows whether it will remain in this posture, and due to increasing numbers of cases involving new variants and the rise of cases in Europe, it appears unlikely it will. Consequently, unless otherwise ordered by the Court, everyone in the courtroom SHALL wear a N95 or equivalent mask, which covers the nose and mouth. The Court will provide witnesses a face shield to use while testifying. The Court will reconsider this masking requirement when the trail date approaches.

///

///

///

///

///

///

17

**XXVII.      COMPLIANCE**

Strict compliance with this order and its requirements is mandatory.  All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   **October 24, 2022**

UNITED STATES DISTRICT JUDGE