**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS EUGENE GRAY,<br><br>    Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>    Defendants. | Case No.: 1:20-cv-0196 JLT SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRODUCTION OF TRIAL TRANSCRIPTS AT GOVERNMENT'S EXPENSE<br><br>(Doc. 132) |

Thomas Eugene Gray sought to hold the defendants liable for civil rights violations pursuant to 42 U.S.C. § 1983. The trial in this matter concluded on February 16, 2023, with a verdict in favor of the defendants. Plaintiff filed a Notice of Appeal, and now requests that the Court provide trial transcripts at the government expense. (Doc. 132.)

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. *See* 28 U.S.C. § 753(f). Furnishing transcripts at public expense is governed by two separate statutes: 28 U.S.C. § 753(f) and 28 U.S.C. § 1915(c). Pursuant to 28 U.S.C. § 1915(c), there are limited circumstances under which the Court can direct the government's payment of transcripts for a litigant proceeding in forma pauperis. Under 28 U.S.C. § 753(f), the Court to order the government to pay for transcripts if (1) the trial judge or a circuit judge certifies that the suit or appeal is not frivolous, (2) the transcript is needed to decide the issue presented by the suit or appeal, and (3) the claim is substantial. *See U.S. v. MacCollom*, 426 U.S. 317, 325 (1976) ("The district court

has the power to order a free transcript furnished if it finds that the 'suit ... is not frivolous and that the transcript is needed to decide the issue presented...' "); *Henderson v. U.S.*, 734 F.2d 483, 484 (9th Cir. 1984) (determining that a request for a transcript at government expense should not be granted unless the appeal presents a "substantial issue"). A claim is frivolous if the plaintiff can make no rational argument in law or facts to support his claim for relief. *See Pembrook v. Wilson*, 370 F.2d 37, 39 (9th Cir. 1966). A substantial question is defined as "reasonably debatable." *See Randle v. Franklin*, 2012 WL 201757, at *2 (E.D. Cal. January 23, 2012).

Plaintiff states he needs the transcripts to review and refresh his memory of the case. (Doc. 132 at 2.) However, Plaintiff does not provide specific information about why he requires the transcripts. There is no information provided concerning the basis for the appeal or how the transcripts will assist him on the specific claims to be raised in the appeal. Plaintiff's request does not fall under any of the three circumstances enumerated in 28 U.S.C. § 753(f), which would allow for the court to order the government to pay for transcripts. Similarly, Plaintiff fails to meet the criteria for free transcripts established in 28 U.S.C. § 1915(c). Accordingly, Plaintiff's motion for a copy of transcripts is **DENIED.**

IT IS SO ORDERED.

Dated:   **April 5, 2023**

UNITED STATES DISTRICT JUDGE